IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| LONNIE J. BAILEY | § | |
| v. | § | CIVIL ACTION NO. 6:10cv476 |
| COBY EVANS, ET AL. | § | |

MEMORANDUM OPINION AND PARTIAL ORDER OF DISMISSAL

The Plaintiff Lonnie Bailey, an inmate of the Texas Department of Criminal Justice, Correctional Institutions Division proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. The parties have consented to allow the undersigned United States Magistrate Judge to enter final judgment in the proceeding pursuant to 28 U.S.C. §636(c). As Defendants, Bailey named Officer Coby Evans, Lt. Ridings, Sgt. Powell, Officer Woolverton, Nurse Boling, Warden Rupert, Warden Dewberry, and Major Hefner.

An evidentiary hearing was conducted on February 10, 2011. At this hearing and in his complaint, Bailey testified that on December 19, 2009, he was coming from the pill window when he was stopped by Officer Evans, who asked where he was going. Bailey replied that he had just received his medication and was going back to the kitchen where he worked. Evans cursed at him, saying "you just think you can do what you want, where is your kitchen boss?" Bailey turned to get an officer to verify that he had received permission to go to the pill window, and Evans came out from behind the desk and ordered him to put his hands behind his back. Bailey complied with this order, but Evans grabbed him, slammed him to the floor, and punched him repeatedly in the head and face. Bailey was then taken to the infirmary, where he suffered a "psychotic episode."

As a result of the incident, Bailey stated that he suffered knots and bruises in the head and face. He was sent to pre-hearing detention from the infirmary, but because of the psychotic episode,

1

he was sent to the Skyview Unit, a psychiatric facility, where he remained for some three to four months.

While he was in pre-hearing detention prior to his transfer to Skyview, Bailey said, an officer named Woolverton gave him a razor blade and said "you're not the devil, you won't kill yourself." He stated that this was done with the malicious intent that Bailey would cut himself. Bailey did cut himself, and Woolverton and Ridings took him to the infirmary. He said that the officers did not seem surprised by the self-mutilation. Bailey stated that Ridings was "right there" when Woolverton gave him the razor and should have seen the officer do that.

Bailey stated that Sgt. Powell showed up right after the use of force had concluded. He contended that Powell failed to "train or supervise" Evans because this type of use of force was "an on-going act." He explained that there were a lot of problems between Evans and other inmates, involved a lot of use of force incidents.

Similarly, Bailey said that Warden Rupert and Warden Dewberry received a number of complaints about Evans and so should have known that the officer was constantly assaulting inmates, but nothing was done. Bailey stated that Major Hefner was supposed to investigate, but that nothing was done.

Although Nurse Boling did examine him, Bailey said, she did not observe his "psychotic actions." He said that she signed the use of force report but failed to note that Bailey was about to go into a psychotic state. Bailey said that he was already a psych patient and so Boling should have sent him to the Skyview Unit right then, or discussed the case with the psych department.

According to Nurse Patton, a TDCJ correctional nurse also present at the evidentiary hearing, Bailey's medical records show that the first time he was examined on December 19, 2009, no injuries were found. The second time, there was a laceration on Bailey's wrist, and he was described as "not cooperative or coherent." The wound was treated and the mental health staff was contacted, and orders were received to send him to Skyview.

Legal Standards and Analysis

Bailey says that Officer Evans grabbed him, threw him to the floor, and punched him repeatedly in the head and face, without provocation. This allegation, if proven, sets out a potential constitutional claim. Bailey's claim against Evans requires further judicial proceedings.

Next, Bailey says that Officer Woolverton gave him a razor and taunted him, at a time when Bailey was in a psychotic state. He also indicates that Lt. Ridings was standing right there when Woolverton gave him the razor, but did nothing. Such actions, if proven, could evince deliberate indifference to Bailey's safety. These claims require further judicial proceedings.

Bailey sues Warden Rupert and Warden Dewberry, saying that they "should have known" about Evans based upon the number of complaints received. He offers nothing to show how many grievances or complaints were filed against Evans, much less any evidence that any of these complaints were sustained.

> The Supreme Court has stated that
>
> [A] prison official cannot be held liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. ...
>
> But an official's failure to alleviate a significant risk which he should have perceived, but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment.

Farmer v. Brennan, 511 U.S. 825, 837-38, 114 S.Ct. 1970, 1979 (1994); *see* Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994).

In this case, Bailey contends that Warden Rupert and Warden Dewberry "should have known" of Evans' alleged use of force history. Even assuming that such a history existed, this is a claim of a "failure to alleviate a significant risk which he should have perceived but did not." Bailey offers nothing to show that Dewberry and Rupert knew of and disregarded a significant risk to inmate health or safety, by failing to take such action against Evans as Bailey deemed appropriate.

Nor has Bailey shown any basis for liability on the part of Dewberry or Rupert based upon their positions of authority. The Fifth Circuit has stated that lawsuits against supervisory personnel based on their positions of authority are claims of liability under the doctrine of *respondeat superior*, which does not generally apply in Section 1983 cases. Williams v. Luna, 909 F.2d 121 (5th Cir. 1990). A supervisor may be held liable if there is personal involvement in a constitutional deprivation, a causal connection between the supervisor's wrongful conduct and a constitutional deprivation, or if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force behind a constitutional deprivation. Thompkins v. Belt, 828 F.2d 298 (5th Cir. 1987).

In this case, Bailey has not shown that Dewberry or Rupert were personally involved in a constitutional deprivation, that a causal connection exists between wrongful conduct by either of them and a constitutional violation, or that the wardens implemented a constitutionally deficient policy which was the moving force behind a constitutional deprivation. Thus, to the extent that Bailey sues Rupert and Dewberry because of their positions as supervisors, such claim is without merit.

Nor has Bailey set out a viable failure to train claim. The Fifth Circuit has held that absent a supervisor's overt personal participation in the events giving rise to the claim, a plaintiff raising a claim of failure to train must show that the supervisor actually failed to train or supervise the subordinate official, a causal link exists between the failure to train or supervise and the violation of the plaintiff's rights, and that the failure to train or supervise amounted to deliberate indifference. Mesa v. Prejean, 543 F.3d 264, 274 (5th Cir. 2008), *citing* Estate of Davis v. City of North Richland Hills, 406 F.3d 375, 381 (5th Cir. 2005). The Court went on to observe that proof of deliberate indifference generally requires a showing of more than a single instance of the lack of training or supervision causing a violation of constitutional rights. Mesa, 543 F.3d at 274, *citing* Burge v. St. Tammany Parish, 336 F.3d 363, 370 (5th Cir. 2003). In this case, Bailey has not shown an actual failure to train or supervise, nor that a causal link exists between the failure to train or supervise and

a violation of his rights. Nor has he shown that any such failure to train or supervise amounted to deliberate indifference to his constitutional rights. Bailey's claims against Warden Dewberry and Warden Rupert, and his failure to train claims against Lt. Ridings, Major Hefner, and Sgt. Powell, are without merit.

Bailey complains that Major Hefner failed to investigate the "pattern of abusive behavior" by Evans. The Fifth Circuit has held that inmates do not have a constitutionally protected liberty interest in having grievances resolved to their satisfaction, and so there is no violation of due process when prison officials fail to do so. Geiger v. Jowers, 404 F.3d 371, 373-74 (5th Cir. 2005); *see also* Edmond v. Martin, et al., slip op. no. 95-60666 (5th Cir., Oct. 2, 1996) (unpublished) (prisoner's claim that a defendant "failed to investigate and denied his grievance" raises no constitutional issue); Thomas v. Lensing, et al., slip op. no. 01-30658 (5th Cir., Dec. 11, 2001) (unpublished) (same). Thus, the fact that Hefner did not conduct an investigation to Bailey's satisfaction, or arrived at a conclusion which was not to Bailey's liking, does not show that Hefner violated Bailey's constitutional rights. Bailey's claims against Hefner are without merit.

Bailey states in his complaint that Sgt. Powell "witnessed him being maliciously attacked," but acknowledged at the evidentiary hearing that Powell was not there when the incident began, and only arrived after Bailey was already on the ground.

The Fifth Circuit has held that a supervisory officer may be held liable under Section 1983 if he refuses to intervene when subordinates are beating an inmate in his presence. Harris v. Chanclor, 537 F.2d 203, 205 (1976). However, where a use of force is so rapid that there is no realistic opportunity to intervene, there is no liability on the part of officers who fail to do so. O'Neill v. Krzeminski, 839 F.2d 9, 11 (2nd Cir. 1988). In this case, Bailey indicates that Powell was not present when the incident began and only arrived after he was already on the ground. He fails to show that Powell had a realistic opportunity to intervene to stop the assault. Nor has he set out a viable failure to train claim concerning Powell. Bailey's claims against Powell are without merit.

Finally, Bailey sues Nurse Boling, saying that she was deliberately indifferent to his rights by not observing that he was about to go into a psychotic state and referring him to Skyview. The records show that Bailey was seen with no injuries noted, and that he was later brought back to the clinic on the same day after cutting his wrist. The psychiatric department was then notified and Bailey was sent to the Skyview Unit.

Although he says that Boling "deliberately ignored his psychotic actions," apparently referring to the first time he was seen, Bailey does not indicate what signs or actions Boling was deliberately indifferent for not seeing, nor how she could have known that he was "about to go into a psychotic state." Taking Bailey's allegations as true, the evidence shows that he was brought to the clinic after having suffered an unprovoked assault in which he was repeatedly punched in the head and face; it would hardly be unusual for an inmate in that situation to be in a state of extreme agitation, anger, or upset. Even if Boling should have seen the warning signs but did not, this is insufficient to show deliberate indifference, as set out by the Supreme Court in Farmer.

In Domino v. TDCJ-ID, 239 F.3d 752 (5th Cir. 2001), a inmate who was a psychiatric patient expressed suicidal ideations and the psychiatrist returned him to his cell after a five-minute examination; the inmate committed suicide two and a half hours later. The district court denied the defendants' motion for summary judgment, but the Fifth Circuit reversed this determination, concluding that the defendants were entitled to judgment as a matter of law. In so doing, the Fifth Circuit noted that the failure to alleviate a significant risk which should have been perceived but was not is insufficient to show deliberate indifference.

In this case, Bailey's evidence shows at most that Nurse Boling should have perceived a significant risk but did not. This is insufficient to show a constitutional violation for deliberate indifference. Nor has he shown any harm which may be ascribed to Nurse Boling's alleged failure; he was went to the Skyview Unit on the same day that he was seen by her, and she could not have

foreseen that Officer Woolverton would give him a razor blade. Bailey's claim against Nurse Boling is without merit.

## Conclusion

28 U.S.C. §1915A requires that as soon as practicable, district courts must review complaints wherein prisoners seek redress from governmental entities or their employees. Section 1915A(b) requires that upon review, the court shall identify cognizable claims or dismiss the complaint or any portion thereof if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

The term "frivolous" means that a complaint lacks an arguable basis in law or fact; a complaint is legally frivolous when it is based upon an indisputably meritless legal theory. Neitzke v. Williams, 490 U.S. 319, 325-7 (1989). A complaint fails to state a claim upon which relief may be granted if as a matter of law, it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Neitzke v. Williams, 490 U.S. 319, 327, (1989), *citing* Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); *see also* Blackburn v. City of Marshall, 42 F.3d 925, 931 (5th Cir. 1995).

In this case, Bailey's claims against Warden Rupert, Warden Dewberry, Major Hefner, Nurse Boling, and Sgt. Powell lack any arguable basis in law and fail to state a claim upon which relief may be granted. Consequently, these claims may be dismissed as frivolous under 28 U.S.C. §1915A(b). *See generally* Thompson v. Patteson, 985 F.2d 202 (5th Cir. 1993). It is accordingly

ORDERED that the Plaintiff's claims against Warden Rupert, Warden Dewberry, Major Hefner, Nurse Boling, and Sgt. Powell are hereby DISMISSED with prejudice as frivolous. It is further

ORDERED that these above-named Defendants are hereby DISMISSED as parties to the lawsuit. The dismissal of these claims and parties shall have no effect upon the remaining claims and parties in the case. Finally, it is

ORDERED that the dismissal of these claims and parties shall not count as a strike for purposes of 28 U.S.C. §1915(g).

So **ORDERED** and **SIGNED** this **23** day of **February, 2011.**

_____
JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE